1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ANTHONY JOSEPH LOUIS,

        Plaintiff,

        v.

MICHAEL J. ASTRUE,
Commissioner of Social Security
Administration,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 11-0801-SP

**MEMORANDUM OPINION AND ORDER**

## I.

## PROCEEDINGS

On February 2, 2011, plaintiff Anthony Joseph Louis filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of his applications for disability insurance benefits and supplemental security income.  On February 2, 2011, the court issued its Case Management Order, setting forth, inter alia, a schedule for the preparation and filing of pleadings in this matter.  Defendant filed his Answer on June 23, 2011, and pursuant to the Case Management Order, plaintiff's portions of the Joint Stipulation were due on July 21, 2011.  On July 21, 2011, based upon the parties' stipulation, the court granted plaintiff until August 22,

2011 to submit plaintiff's portions of the Joint Stipulation.  On August 18, 2011, plaintiff's then-counsel filed a motion to withdraw as attorney of record, which the court granted in its August 22, 2011 Order.  The court further granted plaintiff until October 6, 2011 to retain counsel and prepare and deliver to defendant a draft of plaintiff's portions of the Joint Stipulation.  *See* August 22, 2011 Order.  The August 22, 2011 Order also admonished plaintiff that failure to comply with the court's order may be grounds for dismissal of this action without prejudice for failure to prosecute.  *Id.*  On December 14, 2011, defendant notified the court that plaintiff failed to provide defendant with his portions of the Joint Stipulation, as mandated by the court's August 22, 2011 Order.

On December 16, 2011, the court issued an Order to Show Cause ("OSC") directing plaintiff to show cause why this action should not be dismissed for failure to prosecute.  OSC at 1.   Plaintiff was informed that he may discharge the OSC by filing, not later than January 17, 2012, a written request for a reasonable extension of time for plaintiff to prepare and deliver a draft of his portions of the Joint Stipulation to defendant.  *Id.* at 1-2.  The court warned plaintiff that failure to respond to the OSC by January 17, 2012 may result in the dismissal of this action for failure to prosecute.  *Id.* at 2.  The court further reiterated its earlier warning that failure to prosecute this action in accordance with the Case Management Order and other court orders, may result in dismissal of this action for failure to prosecute.  *Id.* To date, plaintiff has not filed any response to the OSC.

## II.

## DISCUSSION

It is well established that a district court may dismiss a plaintiff's action for failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars

of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a
district court may dismiss an action for failure to comply with any order of the
court).  But dismissal is a severe penalty and should be imposed only after
consideration of the relevant factors in favor of and against this extreme remedy.
*Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (1986) (per curiam).

In determining whether to dismiss a case for failure to prosecute, a court must
weigh five factors: "(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;
(4) the public policy favoring disposition of cases on their merits[;] and (5) the
availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir.
1988) (per curiam) (internal quotation marks and citation omitted).

In this case, both the first factor (public's interest in expeditious resolution of
litigation) and the second factor (the court's need to manage its docket) strongly
favor dismissal.  Plaintiff missed the deadline to file his portions of the Joint
Stipulation as mandated in the court's Case Management Order and then, after the
court granted him a forty-five day extension, he ignored the court's August 22, 2011
Order requiring him to submit it by October 6, 2011.  Plaintiff also ignored the
court's OSC, filing nothing in response even though he was warned that failure to
do so could result in dismissal of this action.  It has now been over five months
since plaintiff filed anything in this action, despite the court's repeated orders for
him to do so.  Plaintiff's noncompliance with the court's orders has "caused [this]
action to come to a complete halt, thereby allowing plaintiff[] to control the pace of
the docket rather than the Court."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th
Cir. 1999) (internal quotation marks and citation omitted).  Allowing him to
continue to do so would frustrate the public's interest in the expeditious resolution
of litigation, as well as the court's need to manage its own docket.  *See id.*

A rebuttable presumption of prejudice to defendants arises when a plaintiff
unreasonably delays prosecution of an action.  *See In re Eisen*, 31 F.3d 1447, 1452-

53 (9th Cir. 1994).  Nothing suggests that such a presumption is unwarranted here.
Plaintiff has provided the court with no explanation – much less a reasonable excuse
– for his failure to timely file either his portions of the Joint Stipulation or a
response to the OSC.  *See Yourish*, 191 F.3d at 991-92 ("Plaintiff['s] paltry excuse
for his default on the judge's order indicates that there was sufficient prejudice to
Defendants from the delay . . . .").  Thus, the third factor also weighs in favor of
dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a
reasonable pace and to avoid dilatory and evasive tactics.  *See Morris v. Morgan
Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  By failing to comply with the
court's August 22, 2011 Order, and by failing to respond to the court's OSC,
plaintiff has not discharged this responsibility.  In these circumstances, the public
policy favoring resolution of disputes on the merits does not outweigh plaintiff's
failure to move this case toward a disposition at a reasonable pace.  Thus, the fourth
factor weighs in favor of dismissal.

Finally, the court attempted to avoid dismissal by: (1) advising plaintiff in its
August 22, 2011 Order that failure to comply with the court's order may be grounds
for dismissal of this action without prejudice for failure to prosecute; and (2)
advising plaintiff in its December 16, 2011 OSC that failure to respond to the OSC,
or failure to prosecute this action in accordance with the Case Management Order
and other court orders, may result in dismissal of this action for failure to prosecute.
Plaintiff has not complied with the court's August 22, 2011 Order, has not
responded to the December 16, 2011 OSC, and has not otherwise communicated
with the court.  The court notes that the instant action is being dismissed without
prejudice, a significantly less drastic sanction than dismissal with prejudice.  Thus,
the fifth factor weighs in favor of dismissal.

Based on the foregoing, the court finds that dismissal of this action is
warranted for failure to prosecute.

### III.

### ORDER

IT IS THEREFORE ORDERED that this action is hereby dismissed without prejudice for failure to prosecute, and Judgment shall be entered accordingly.

Dated: January 23, 2012

_____

SHERI PYM
UNITED STATES MAGISTRATE JUDGE